In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-04-134 CR


____________________



BILLY DON SMART, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Court Cause No. 01-162358






OPINION


 Billy Don Smart was charged with criminal mischief, a Class A misdemeanor, and
he pleaded not guilty. The jury convicted Smart of the lesser included offense of Class B
misdemeanor criminal mischief. Smart elected to have the trial court assess his
punishment. The trial court fined Smart $2000, sentenced him to one hundred eighty days
in the Montgomery County jail, and charged him with court costs of $240.25. The fine
and court costs were to be paid at the rate of $187.00 per month until paid in full. Smart
was also ordered to pay restitution of $260.00 to complainant. The court suspended the
imposition of the jail sentence and placed Smart on community supervision for two years,
conditioned upon his compliance with all conditions of community supervision. This Court
affirmed the trial court's judgment. See Smart v. State, No. 09-01-00393-CR, 09-01-00394-CR, 2002 WL 31322735 (Tex. App. - Beaumont 2002, no pet.) (not designated for
publication). 

 Subsequently, the State filed an amended motion to revoke Smart's community
supervision, alleging Smart had committed criminal trespass; failed to report to the
community supervision office in March 2003; failed to pay a Crime Stoppers fee of fifteen
dollars; failed to perform community service restitution in January, February, and March
2003; failed to make fine payments in February and March 2003; and failed to pay court
costs in February and March 2003. A hearing was held on the State's amended motion to
revoke community supervision. At the hearing, the court liaison for the Montgomery
County Community Supervision Department stated she was the custodian of Smart's
probation file, the community supervision office maintained records of each probationer's
reporting schedule as part of its regular course of business, and entries were made by one
with personal knowledge. Citing the United States Supreme Court's decision in Crawford
v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Smart's counsel
objected, contending the admission of the records violated Smart's rights under the
Confrontation Clause because the liaison testified she did not personally make all of the
entries contained in the records. The trial court overruled the objection and admitted the
file as State's Exhibit 3 under the business records exception to the hearsay rule. See Tex.
R. Evid. 803(6). (1) The court liaison also testified her office maintained records in the
ordinary course of business which detail violations of community supervision, and the
court admitted the records as State's Exhibit 4, overruling another Crawford objection by
Smart's counsel that, because the witness did not personally compile the records, Smart's
rights under the Confrontation Clause were violated.

 The trial court found insufficient evidence to support the State's allegations of
criminal trespass and failure to pay the Crime Stoppers fee, but found the remaining
allegations were supported by sufficient evidence. The trial court entered an order which
revoked Smart's community supervision and sentenced him to confinement in the
Montgomery County jail for ninety days. In this appeal, Smart contends the trial court
"erred in not applying the dictates of Crawford vs. Washington[.]" The applicability of
Crawford and the Confrontation Clause to the proceeding below is an issue of law which
we review de novo. See Beeman v. State, 86 S.W.3d 613, 620 (Tex. Crim. App. 2002).

 The Sixth Amendment's Confrontation Clause provides as follows: "In all criminal
prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses
against him. . . ." U. S. Const. amend. VI. In Crawford, the United States Supreme
Court held:

 [w]here testimonial evidence is at issue, . . . the Sixth Amendment demands what
the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive
definition of "testimonial." Whatever else the term covers, it applies at a minimum
to prior testimony at a preliminary hearing, before a grand jury, or at a former trial;
and to police interrogations. These are the modern practices with closest kinship
to the abuses at which the Confrontation Clause was directed.


Crawford, 124 S.Ct. at 1374 (footnote omitted). However, like parole revocation,
community supervision revocation is not a stage of a criminal prosecution. See Gagnon
v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); see generally
Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)
(revocation of parole is not part of a criminal prosecution). A community supervision
revocation proceeding is an administrative hearing, not a criminal trial. See Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Bradley v. State, 564 S.W.2d 727, 729
(Tex. Crim. App. 1978) ("The relationship between the probationer and the court is
contractual in nature."). Crawford addressed an out-of-court testimonial statement offered
in a criminal trial, and is not directly applicable in this revocation proceeding. See United
States v. Aspinall, No. 04-2974-CR, 2004 U.S. App. LEXIS 23954 (2nd Cir. Nov. 17,
2004); but see Ash v. Reilly, No. 03-2007, 2004 U.S. Dist. LEXIS 24451, at *16-17 (D.C.
Cir. Dec. 7, 2004) (Court held a criminal defendant in a parole revocation hearing is
entitled to confrontation.). 

 In Morrissey, the Supreme Court held a parolee is entitled to due process before
parole is revoked to assure "the exercise of discretion will be informed by an accurate
knowledge of the parolee's behavior." Morrissey, 408 U.S. at 484. Due process in a
revocation proceeding includes the "right to confront and cross-examine adverse witnesses
(unless the hearing officer specifically finds good cause for not allowing confrontation)[.]" 
Id. at 489; see also Ex Parte Taylor, 957 S.W.2d 43, 44-47 (Tex. Crim. App. 1997). The
Supreme Court made clear in Morrissey that "there is no thought to equate this second
stage of parole revocation to a criminal prosecution in any sense." Morrissey, 408 U.S.
at 489. The Court further explained "the process should be flexible enough to consider
evidence including letters, affidavits, and other material that would not be admissible in
an adversary criminal trial." Id. Nothing in Crawford suggests that the Confrontation
Clause, which applies to criminal trials, alters the standard set forth in Morrissey for the
admissibility of evidence in a revocation proceeding. See Aspinall, 2004 U.S. App.
LEXIS 23954, at *26. Appellant challenges the admission of records solely on the
applicability of Crawford. Appellant's issue is overruled, and the judgment of the trial
court is affirmed.

 AFFIRMED. 

 ________________________________

 DAVID GAULTNEY

 Justice


Submitted on November 11, 2004

Opinion Delivered December 22, 2004

Publish

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Generally, records admissible under the business records hearsay exception "that
by their nature were not testimonial" were not the focus of the Crawford decision. 
Crawford, 124 S.Ct. at 1367.