NO.
12-05-00093-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

JAMES
ALVIN SKINNER, §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            James Alvin
Skinner pleaded guilty to driving while intoxicated.  He appeals the trial court’s denial of his
pretrial motion to suppress.  We
affirm.  

 

Background

            Department of Public Safety Trooper
Kyle Argenbright investigated a motorcycle accident that occurred in rural
Smith County.  Officers on the scene of
the accident told Trooper Argenbright that the accident involved a single
motorcycle, that it appeared that the motorcycle had simply run off the side of
the road, and that there was no other obvious reason for the accident.  Appellant, the driver of the motorcycle, had
been flown by helicopter to the hospital, and Trooper Argenbright met him
there.  Appellant was seriously injured
and unconscious, and the hospital staff was attempting to intubate him.  A hospital employee told Trooper Argenbright
that Appellant admitted consuming eight beers, and the trooper was able to
smell the odor of an alcoholic beverage on Appellant’s breath.  The trooper asked the hospital staff to draw
Appellant’s blood to be tested for its alcohol content and they complied.








            Prior to trial, Appellant sought to
suppress the results of an analysis of the blood draw arguing that the trooper
lacked probable cause to seize his blood. 
The trial court denied Appellant’s motion, and he pleaded guilty.  The trial court assessed punishment at one
hundred eighty days of confinement with that sentence suspended and placed
Appellant on community supervision for fifteen months with a fine of three
hundred dollars.  This appeal
followed.  

 

Motion to Suppress
Evidence

            In one issue, Appellant asserts that
the trial court erred when it denied his motion to suppress the taking of a
sample of his blood. 

Standard of
Review

            We review a trial court’s ruling
on a motion to suppress evidence for an abuse of discretion. Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  Our review is bifurcated, affording almost
total deference to the trial court’s determination of historical facts and
reviewing de novo the trial court’s application of the law to those facts.  Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000).  The
trial court is the exclusive finder of fact in a suppression hearing and may
choose to believe or disbelieve any or all of a witness’s testimony.  Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990).  An
abuse of discretion occurs when the trial court’s ruling is outside the “zone
of reasonable disagreement.”  Salazar
v. State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001); Simpson v.
State, 181 S.W.3d 743, 749 (Tex. App.–Tyler 2005, pet. ref’d). We
sustain a trial court’s decision on a motion to suppress if it is correct on
any theory of law applicable to the case. 
State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

Applicable Law

            The taking of a blood specimen is a
search under both the federal and Texas constitutions.  Schmerber v. California, 384
U.S. 757, 767–68, 86 S. Ct. 1826, 1833–34, 16 L. Ed. 2d 908 (1966); Aliff
v. State, 627 S.W.2d 166, 170 (Tex. Crim. App. 1982).  The warrantless taking of a blood sample,
however, is not an unreasonable search or seizure so long as probable cause to
arrest exists, the method of extraction is reasonable, and there are exigent
circumstances.  Schmerber,
384 U.S. at 770–71, 86 S. Ct. at 1836; Aliff, 627 S.W.2d at
170.  It is not relevant whether the
person is arrested before or after the search, as long as sufficient probable
cause exists for the officer to arrest before the search.  Williams v. State, 726 S.W.2d
99, 101 (Tex. Crim. App. 1986).

            Probable cause to search exists when
reasonably trustworthy facts and circumstances within the knowledge of the
officer would lead a person of reasonable prudence to believe that the
instrumentality of a crime or evidence of a crime will be found.  State v. Bagby, 119 S.W.3d 446,
450 (Tex. App.–Tyler 2003, no pet.) (citing McNairy v. State, 835
S.W.2d 101, 106 (Tex. Crim. App. 1991)). 

Analysis

            Appellant concedes that exigent
circumstances were present.  See Aliff,
627 S.W.2d at 170 (Taking a blood sample from a person under arrest does not
violate the Fourth Amendment to the U.S. Constitution when officers have
probable cause to arrest because alcohol dissipates from the blood stream at a
rapid rate.).  Instead, Appellant argues
that the officer lacked probable cause to conclude that Appellant had operated
a vehicle while intoxicated at the time he requested a sample of Appellant’s
blood.[1]  

            The facts in this case are very
similar to those found in Knisley v. State, 81 S.W.3d 478 (Tex.
App.–Dallas 2002, pet. ref’d).  In Knisley,
the officer arrived at the scene of a motorcycle accident and saw gouges in the
pavement that appeared to have been left by the motorcycle as it slid across
the pavement.  Id. at
480.  The driver was unable to answer
simple questions and smelled of alcohol. 
Id.  The officer
traveled to the hospital after the driver was transported there by helicopter
and eventually asked the hospital to draw a blood specimen.  Id.  The Fifth Court of Appeals concluded that the
officer possessed probable cause to believe an offense had been committed and
that the search occasioned by his request for a specimen of the driver’s blood
was reasonable.  Id at 484.


            As Appellant points out, there are
distinctions between this case and Knisley.  Trooper Argenbright had not been to the scene
of the wreck when he requested the blood draw and was not able to converse with
Appellant due to his injuries.  Appellant
argues that because the officer did not have personal knowledge of “any of the
facts of the case,” he could not have had probable cause.             But
this is not the standard.  Police
officers often rely upon observations of others in formulating probable
cause.  An officer is not restricted
solely to information or facts that he has personally observed in determining
whether an offense has been committed.  See
Lunde v. State, 736 S.W.2d 665, 667 (Tex. Crim. App. 1987).  An officer may rely on reasonably trustworthy
information provided by another person in making the overall probable cause
assessment.  Id.   Whether probable cause exists is determined
by considering the totality of the circumstances.  See Torres v. State, 182 S.W.3d
899, 902 (Tex. Crim. App. 2005).

            The questions presented, therefore,
are whether the information conveyed to the trooper by fellow officers and, to
a lesser extent, by the unnamed hospital employee, was trustworthy and whether
the sum of that information and his personal observations rose to the level of
probable cause.  In this case, the
information provided by his fellow officers and by the hospital staff was
consistent with what the trooper observed personally, principally Appellant’s
condition and the smell of alcohol about him, and there were no indications of
another reason for the wreck.  Therefore,
we answer both questions in the affirmative. 
The trial court did not abuse its discretion when it found that the
police officer had probable cause to believe that Appellant had been driving
while intoxicated.  Appellant’s sole
issue is overruled.

 

Conclusion

            We affirm the judgment
of the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered May 24, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] The parties agree that
the implied consent law is not implicated because Appellant was not arrested at
the hospital.  See Tex. Transp. Code Ann. § 724.011(a)
(Vernon 2005); see also Beeman v. State, 86 S.W.3d 613, 616 (Tex.
Crim. App. 2002) (“But we side with the other jurisdictions that hold that
their implied consent statutes do not prevent the State from obtaining evidence
by alternative constitutional means.”). 
The trooper testified that he could not make an arrest at the hospital
because of Appellant’s significant injuries.