Knowel **BEEMAN, Jr.,** Appellant,

v.

The **STATE** of **Texas.**

No. 1079–01.

Court of Criminal Appeals of Texas, En Banc.

Oct. 9, 2002.

---

David G. Rogers, Midland, for appellant.

Eric Kalenak, Assist. DA., Midland, Matthew Paul, State's Attorney, Austin, for state.

### *OPINION*

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, WOMACK, HERVEY, HOLCOMB, and COCHRAN, J.J., joined.

Knowel Beeman was rear-ended while driving. No injuries occurred. The officer cited the other driver for following too closely and arrested Beeman for driving while intoxicated. Beeman refused a breath test, so the officer obtained a search warrant for his blood. Over Beeman's objections, his blood was drawn at the local hospital. We must determine

whether the implied consent statute prohibits drawing a suspect's blood under a search warrant. We conclude that it does not.

### Procedural History

After being charged with driving while intoxicated, Beeman unsuccessfully moved to suppress the blood test results, arguing that his rights had been violated under Texas Transportation Code Chapter 724, our implied consent law. Beeman then pled guilty under a plea bargain agreement. He appealed, arguing that since the requirements of the Transportation Code had not been met, the blood sample should have been suppressed. The Court of Appeals disagreed, holding that "Chapter 724 does not speak to the broader powers of a peace officer when, as here, that officer obtains a search warrant."[1] It stated that "[w]here a search warrant is secured, the question of the power of a peace officer in taking a specimen is left up to the Fourth Amendment ..."[2] We granted Beeman's petition for discretionary review to address this issue.

### Analysis

■ The Fourth Amendment prohibits unreasonable searches and seizures.[3] But searches conducted pursuant to a warrant "will rarely require any deep inquiry into reasonableness."[4] There is a strong preference for searches conducted with a warrant[5] because they are issued based on "the informed and deliberate determinations" of a neutral and detached magistrate.[6] Without a warrant or probable cause, a search can still be reasonable under the Fourth Amendment if the police obtain consent.[7]

■ Beeman argues that, despite the existence of a search warrant, this search was invalid because it violated our state's implied consent statute. The implied consent statute requires the State to take an arrested suspect's blood, over his refusal, when there is an accident and someone is injured.[8] Beeman argues that the statute, by implication, excludes the taking of blood without consent under any other circumstances, including by the authority of a search warrant.

■ But Beeman misunderstands the nature of implied consent. The implied consent law does just that—it implies a suspect's consent to a search in certain instances. This is important when there is no search warrant, since it is another method of conducting a constitutionally valid search. On the other hand, if the State has a valid search warrant, it has no need to obtain the suspect's consent.[9]

---

1. *Beeman v. State*, No. 08–00–00390–CR, slip op. at 5, 2001 WL 303050 (Tex.App.-El Paso, opinion delivered March 29, 2001) (not designated for publication).

2. *Id.*

3. U.S. Const. Amend. IV; *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998).

4. *United States v. Leon*, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

5. *United States v. Ventresca*, 380 U.S. 102, 106, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

6. *Id.* at 105–06, 85 S.Ct. 741; *Aguilar v. Texas*, 378 U.S. 108, 110–11, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

7. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

8. Tex. Transp. Code §§ 724.011, 724.012, 724.013 (Vernon 1999).

9. *Flores v. State*, 871 S.W.2d 714, 720 (Tex. Crim.App.1993).

■ The implied consent law expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant. It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant. But once a valid search warrant is obtained by presenting facts establishing probable cause to a neutral and detached magistrate, consent, implied or explicit, becomes moot.

Beeman contends that, regardless of whether the Fourth Amendment is satisfied by the search warrant, the search is nevertheless invalid because it violates the statute. The State responds that construing the law in this manner results in giving DWI suspects more protection than other criminal suspects—an absurd result contrary to the statute's intent. We agree.

The dissent implies that we have given *carte blanche* to officers to draw blood in every single DWI case.[10] But we have given police officers nothing more than the Constitution already gives them—the ability to apply for a search warrant and, if the magistrate finds probable cause to issue that warrant, the ability to effectuate it. This does not give officers the ability to forcibly obtain blood samples from anyone arrested for DWI. Instead, it gives officers the ability to present an affidavit to a magistrate in every DWI case, just like every other criminal offense. Whether any

search ultimately occurs rests, as always, in the hands of the neutral and detached magistrate.

■ The dissent also implies that a search of someone's blood is more invasive than a search of his home or clothing and, as a result, we should apply a different type of review.[11] But the Supreme Court has recognized that drawing a suspect's blood constitutes a "search" under the Fourth Amendment—nothing less, but certainly nothing more.[12] Moreover, in *Schmerber,* the officer did not obtain a warrant, and the Court stated the issue as being whether the officer was permitted to draw the blood himself "or was required instead to procure a warrant before proceeding with the test."[13] The Court made clear that drawing the suspect's blood pursuant to a search warrant would not have offended the Constitution.[14]

A few states have adopted Beeman's and the dissent's view that the implied consent statute offers more protection to defendants than the Constitution.[15] But we side with the other jurisdictions that hold that their implied consent statutes do not prevent the State from obtaining evidence by alternative constitutional means.[16]

## Conclusion

The warrant authorized the seizure of Beeman's blood, and he does not contest the validity of the warrant.[17] Compliance with the implied consent statute was not necessary to satisfy the Fourth Amend-

---

**10.** *Post,* op. at 619.

**11.** *Id.,* op. at 619–20.

**12.** *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

**13.** *Id.* at 770, 86 S.Ct. 1826.

**14.** *Id.*

**15.** *Sosa v. State,* 4 P.3d 951 (Alaska 2000); *State v. DiStefano,* 764 A.2d 1156 (R.I.2000); *Combs v. State,* 965 S.W.2d 161 (Ky.1998).

**16.** *People v. Sloan,* 450 Mich. 160, 538 N.W.2d 380 (1995), *overruled on other grounds, People v. Wager,* 460 Mich. 118, 594 N.W.2d 487 (1999); *State v. Zielke,* 137 Wis.2d 39, 403 N.W.2d 427, 428 (1987).

**17.** *See Flores,* 871 S.W.2d at 720.

ment, and the implied consent statute does not offer protection greater than the Fourth Amendment. Consequently, we affirm the judgment of the Court of Appeals.

MEYERS, J., filed a concurring opinion.

PRICE, J., concurred in the result.

JOHNSON, J., filed a dissenting opinion.

MEYERS, J., filed a concurring opinion.

## OPINION

Section 724.011 of the Transportation Code provides that if a person is arrested for driving while intoxicated, the person is deemed to have consented "to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance." (Vernon 1999). In other words, under this "implied consent" statute, a person operating a motor vehicle is deemed to have given consent to testing of a specimen, without a warrant, after an arrest when an officer has reasonable grounds to believe that the suspect was driving while intoxicated. *See State v. Hardy*, 963 S.W.2d 516, 526 (Tex.Crim. App.1997). Although a person is deemed to have given his or her consent to the testing of a specimen if suspected of driving while intoxicated, he or she still has the option in most situations to refuse to provide a sample. *See* TEX. TRANSP. CODE ANN. § 724.013 (Vernon 1999). However, such refusal is not without consequence. Failure to provide a specimen results in suspension of the person's driving privileges for a specific period of time as provided by section 724.035 of the Transportation Code. If, however, the DWI suspect causes an accident and the officer at the

time of the arrest reasonably believes that a person has died or will die as a result of the accident, then the officer can take a specimen of the suspect's blood or breath regardless of whether he or she consents. TEX. TRANSP. CODE ANN. § 724.012(b).

In the present case, appellant argues that since under the facts of his case he had a statutory right to refuse the officer's request to provide a sample of his breath, the officer was precluded from obtaining a sample of his blood even though a constitutionally valid search warrant was obtained. However, as the majority correctly explains, the statute does not affect an officer's right to obtain a search warrant. Just because a defendant refuses to provide a specimen of his blood or breath does not mean that the arresting officer is prohibited from obtaining a sample through other means. As in other criminal cases, the arresting officer has the option of obtaining a valid search warrant so that a sample can be drawn. Thus, as today's majority opinion makes clear, with a valid search warrant, an arresting officer can now obtain a specimen[1] irrespective of whether a defendant consents.

With these comments, I join the Court's opinion.

JOHNSON, J., filed a dissenting opinion.

Appellant was convicted of felony driving while intoxicated (DWI). At the time appellant was arrested, he refused to give a specimen of blood or breath for testing. The arresting officer then obtained a search warrant and collected a blood sample without appellant's consent. After the trial court denied appellant's motion to suppress the results of the blood test, ap-

---

1. A "specimen" refers to a specimen of a person's breath or blood.

pellant plead guilty pursuant to a negotiated plea agreement.

Appellant appealed the trial court's denial of his motion to suppress. The court of appeals held that, because the peace officer in this case obtained a search warrant and did not violate any of appellant's statutory rights to refuse the taking of a blood specimen, the trial court did not abuse its discretion in denying appellant's motion to suppress. *Beeman v. State*, No. 08–00–00390–CR, 2001 WL 303050 (Tex.App.-El Paso, delivered March 29, 2001, pet. granted). Appellant asserts in his appeal to this Court that the court of appeals erred in holding that the trial court properly overruled his motion to suppress.

After filing his "Motion to Suppress Blood Test" in the trial court, appellant filed an affidavit in which he swore to the following: 1) on the date alleged in the indictment, he was rear-ended by named person; 2) no one was injured in that accident; 3) the other person was cited for following too closely; 4) appellant was arrested for felony DWI; 5) while being transported to the detention center, appellant refused an officer's request to submit a breath specimen; 6) the officer then transported him to a hospital, secured a search warrant, and had the hospital draw blood. Appellant's affidavit also states that prior to the taking of the blood specimen, he "repeatedly refused any type of chemical test" and that "[t]he blood was withdrawn over [his] objection." In his "Motion to Suppress Blood Test," appellant alleged, that because he did not consent, the taking of his blood specimen was in violation of Tex. Transp. Code §§ 724.012 and 724.013 and, therefore, the results of the testing should have been suppressed under Article 38.23, Tex.Code Crim. Proc.[1]

The Texas Transportation Code, Chapter 724, § 724.011, provides that a person "arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place ... while intoxicated, ... is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance." (Emphasis added.) Section 724.013 states a specific prohibition against taking a specimen if a person refuses an officer's request: "Except as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer." Section § 724.012(b), the only exception to the general prohibition of § 724.013, states:

> A peace officer shall require the taking of a specimen of the person's breath or blood if: 1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or watercraft; 2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense; 3) at the time of the arrest[,] the officer reasonably believes that a person has died or will die as a direct result of the accident; and 4) the person refuses the officer's request to submit to the taking of a specimen voluntarily.

The Legislature specifically provided that a driver arrested for DWI may refuse

---

**1.** Art. 38.22(a) states that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas ... shall be admitted in evidence against the accused on the trial of any criminal case."

an officer's request to take a breath or blood specimen, in spite of "implied consent"; "Except as provided by Section 724.012(b), a specimen *may not be taken* if a person refuses to submit to the taking of a specimen...." § 724.013 (Emphasis added.) The plain language of that single exception, § 724.012(b), sets out four requirements which must be satisfied in order for the involuntary taking of a blood specimen to be authorized: 1) the defendant was arrested for an intoxication offense under Chapter 49; 2) the arresting officer reasonably believed that the accident occurred as a result of the offense; 3) the arresting officer reasonably believed that a person has died or will die as a direct result of the accident; and 4) the defendant refused to submit voluntarily. *Badgett v. State,* 42 S.W.3d 136, 138 (Tex. Crim.App.2001). In the case before us, only two of the four requirements of § 724.012(b) were satisfied; appellant was arrested for DWI, and he refused to submit to the taking of a specimen. The taking of blood was not therefore authorized under § 724.012(b). It was therefore not authorized and was obtained in violation of § 724.013.

The state asserts that interpreting § 724.013 to preclude use of a search warrant to obtain a blood sample would produce an absurd and ridiculous result, as it would confer upon DWI suspects rights that no other class of citizens has against reasonable searches and seizures and effectively exempt DWI suspects from a reasonable search. The state argues that, while § 724.013 clearly circumscribes the power of a peace officer to take a specimen without a warrant, it does not speak at all to the question of when a peace officer can obtain a warrant, leaving that question up to the fourth amendment of the United States Constitution. The state's argument assumes that the necessarily invasive procedure required to obtain a blood sample is a reasonable search.

My interpretation of §§ 724.012 and 724.013 does not lead to an absurd or ridiculous result. The Legislature has chosen to give DWI arrestees the right to refuse to submit a breath or blood specimen unless the rather restrictive requirements of § 724.012(b) are met. The state would have us condone broad application by permitting use of a search warrant to circumvent the legislated prohibition. It is not unreasonable or absurd for the Legislature to decline to give *carte blanche* to officers to demand and forcibly obtain blood samples from *all* persons arrested for DWI.[2] The Legislature could quite reasonably decide to permit officers to require the taking of a specimen only in those situations in which the officer reasonably believes a life-threatening accident had been caused by the DWI offense.

The state argues that it needs blood-alcohol evidence in DWI prosecutions, but numerous DWI charges have been prosecuted successfully after refusal without resorting to the forcible taking of a specimen. From today, it is possible for a blood sample to be forcibly obtained from each and every DWI arrestee; there can now be a blood test result in literally each and every DWI case if a search warrant is obtained.

It is axiomatic that, while our constitutions limit the powers of government and

2. "The majority holds that the Court of Appeals' opinion violates the statute's plain language because its reasoning nullifies the requirements of § 724.012(b)(2). I agree. According to the Court of Appeals, the officer would only need to reasonably believe that the driver was intoxicated, without any evidence of causation. This would give *carte blanche* to officers to demand blood samples from intoxicated drivers." *Badgett v. State, supra,* 42 S.W.3d at 142 (Keasler, J., dissenting)(footnote omitted).

provide protection for the rights of the people, the Legislature can pass laws that provide even greater protection. The Legislature has clearly and explicitly provided a statutory right for a DWI arrestee to refuse a request for a specimen, with one specific, limited exception. I do not acquiesce to the state's request that we disregard and judicially repeal the Legislature's clear and explicit statutory right to refuse to provide a specimen. In Subchapter C of the Transportation Code, §§ 724.031–724.064, the Legislature has established provisions and procedures for the suspension and denial of the driver's license of a person who refuses the request of a peace officer to submit to the taking of a specimen. The Legislature thus contemplated the possibility of refusal and provided adverse consequences, other than the involuntary taking of a specimen, for those DWI arrestees who refuse to submit a breath or blood specimen. Might this be because the Legislature recognized the difference between a warrant to the search the property or clothing of a person and a warrant that permits the extremely inva-

sive search of bodily fluids? Other such invasive searches are authorized by statute.[3] The Legislature could have authorized such an invasive search for offenses under Chapter 49, but instead chose to highly restrict the ability of law enforcement to forcibly collect blood samples.

Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard, but when a case presents a question of law based upon undisputed facts, as in this case, we apply a *de novo* review. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999). Appellant's affidavit, the only evidence in the record with respect to the suppression motion, establishes that the requirements of § 724.012(b) were not met. Since the uncontroverted evidence shows that no one was injured in this accident, the arresting officer could not have "reasonably believed" that a person had died or would die as a direct result of the accident. Thus, the evidence was obtained in violation of statute and, pursuant to Article 38.23, was subject to suppression. I conclude that

**3.** See, e.g., Health & Safety Code §§ 162.002 (requiring blood bank donors to submit to tests for infectious diseases, including tests for AIDS, HIV, hepatitis, and serological tests for contagious venereal diseases), 81.090 (requiring the taking of a pregnant woman's blood for testing for syphilis, HIV infection, and hepatitis B infection), 81.050 (providing for mandatory testing of persons suspected of exposing certain other persons to reportable diseases, including HIV infection), 89.051 (requiring jail and community corrections facility inmates to undergo screening tests for tuberculosis infection); Family Code §§ 54.033 (requiring a child adjudicated for engaging in certain delinquent conduct to undergo a medical procedure or test to determine whether the child has a sexually transmitted disease, AIDS, or HIV infection; mandatory with court order), 54.0405 (requiring a child placed on probation for certain conduct to submit a blood sample or other specimen to create a DNA record of the child); Government Code §§ 411.150 (requiring juveniles committed to the Texas Youth Commission to provide blood samples or other specimens to create a DNA record), 411.148 (requiring prison inmates who are serving sentences for certain offenses to provide blood samples or other specimens), 508.186 (requiring as a condition of parole or mandatory supervision that certain releasees submit a blood sample or other specimen); and Code of Criminal Procedure, articles 42.12, Section 11(a)(22) (allowing trial courts to order a defendant to submit a blood sample or other specimen as a condition of community supervision) and Section 11(e) (requiring a judge granting community supervision to certain defendants to require that the defendant submit a blood sample or other specimen as a condition of community supervision), and 21.31 (requiring persons indicted for, or waiving indictment for, certain offenses to undergo a medical procedure or test to show whether the person has a sexually transmitted disease, AIDS, or HIV infection; mandatory with court order).

the trial court erred in overruling appellant's motion to suppress.

I respectfully dissent.