Opinion filed October 2, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 2,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00153-CR

                                                     __________

 

                               GERALD
DON GATEWOOD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                             On Appeal
from the 106th District Court

 

                                                            Gaines
County, Texas

 

                                                     Trial
Court Cause No. 06-3674 



                                            M
E M O R A N D U M    O P I N I O N        

Gerald
Don Gatewood appeals his conviction by a jury of the offense of driving while
intoxicated with two or more prior convictions for the same type offense.  The
jury answered true on the special issue of a deadly weapon.  The jury assessed
his punishment at fifty years in the Texas Department of Criminal Justice,
Institutional Division.  Gatewood contends in a single issue that the trial
court erred when it admitted blood test results obtained as a result of a
search warrant, which he contends was in violation of Tex. Transp. Code Ann. '
724.013 (Vernon 1999).  We affirm.








 
Following an accident involving Gatewood and another party, Gatewood stated
that he was the driver of the vehicle involved in the accident.  The
investigating officer, after observing evidence indicating that alcohol was a
factor in the accident, asked Gatewood if he would submit to a breath test. 
When Gatewood refused, the officer sought and obtained a search warrant for a
sample of Gatewood=s
blood.  The officer was permitted to testify concerning the results of the
testing of Gatewood=s
blood, over Gatewood=s
objection.

Gatewood
contends that the trial court erred by admitting evidence of the blood test
based on the blood sample obtained by the search warrant because obtaining such
a sample is prohibited by Section 724.013.  That section together with Tex. Transp. Code Ann. ' 724.012(b) (Vernon Supp.
2008) provide that a breath or blood specimen may not be taken if a person
refuses to submit to the taking of a specimen designated by a peace officer
except under certain specified circumstances.  Gatewood contends that, since in
this case those specified circumstances were not met, the specimen of his blood
was obtained illegally and should not have been admitted at trial.  As Gatewood
himself acknowledges, the Texas Court of Criminal Appeals has held that this
statute does not prevent the State from obtaining evidence by alternative
constitutional means.  Beeman v. State, 86 S.W.3d 613, 616 (Tex. Crim.
App. 2002).  The court held that, once a valid search warrant is obtained by
presenting facts establishing probable cause to a neutral and detached
magistrate, consent, implied or explicit, becomes moot.  Id.  As an
intermediate appellate court, we respectfully decline Gatewood=s invitation not to follow Beeman. 
We overrule Gatewood=s
sole issue on appeal.            The judgment is affirmed.

 

PER CURIAM

October 2, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.