**Opinion issued February 6, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00898-CR**

———————————

**MICHAEL JOE LYSSY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. 314207**

---

## DISSENTING OPINION

I respectfully dissent. Appellant Michael Joe Lyssy pleaded nolo contendere

to the misdemeanor offense of driving while intoxicated ("DWI") pursuant to a

plea bargain and the trial court sentenced him to 365 days in jail and imposed a

$300 fine.[1]  The court suspended this sentence and imposed a twenty-four month term of community supervision.  Lyssy appeals the trial court's denial of his motion to suppress evidence of a blood draw taken the night of his arrest on the ground that he did not consent to the warrantless blood draw upon which he was convicted and that his constitutional rights were thereby violated.  I agree.  I would reverse and remand for a new trial.

## Background

Officer G. Rivas of the League City Police Department stopped Lyssy for failing to maintain a single lane of traffic.  Officer Rivas performed a field sobriety test.  He also asked Lyssy to blow into a breathalyzer, but Lyssy refused.  Officer Rivas then arrested Lyssy.  Officer Rivas called League City dispatch and requested a report on Lyssy from two databases, the Texas Crime Information Center and the National Crime Information Center ("TCIC/NCIC").  The resulting report showed that Lyssy had been convicted in 2004 for the offense of "driving while intoxicated 2nd."  No other DWI conviction was included in the report.

Officer Rivas testified that he understood from dispatch's oral report that Lyssy "had . . . a conviction for DWI second conviction."  However, he also testified that he did not remember hearing anything about a driving while intoxicated, first offense.  Based on his understanding of the TCIC/NCIC report, he

---

[1] *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2011).

requested a sample of Lyssy's blood without obtaining a warrant. Lyssy refused. Rivas transported him to a hospital, and one of its employees extracted a blood specimen.

At the subsequent hearing on Lyssy's motion to suppress the evidence resulting from the blood draw, it became clear that Lyssy had only one previous DWI conviction and that the TCIC/NCIC report had labeled his 2004 DWI conviction as "driving while intoxicated 2nd." Officer Rivas testified that, although he relied on the TCIC/NCIC report to conclude that Lyssy had two prior DWI convictions at the time of his arrest for the current offense, he understood "[f]rom the information [he has] now" that Lyssy did not have two convictions.

## Analysis

Lyssy argues that the blood evidence should have been suppressed because (1) the statute relied upon by the State to justify the blood draw, Texas Transportation Code section 724.012(b), is no longer a legitimate basis for search in light of *Missouri v. McNeely*, 133 S. Ct. 1552 (2013) and (2) the conditions for implying consent to draw blood without a warrant under section 724.012(b) itself were not satisfied and, therefore, the blood draw violated his constitutional rights. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3) (West 2011).

The taking of a blood specimen is a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834

3

(1966). A warrantless search or seizure is per se unreasonable unless it falls under a recognized exception to a warrant. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967); *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). One such exception is a search conducted pursuant to consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44 (1973). The Court of Criminal Appeals has stated that "[t]he implied consent law does just that—it implies a suspect's consent to a search in certain instances. This is important when there is no search warrant, since it is another method of conducting a constitutionally valid search." *Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim. App. 2002). The court held,

> The implied consent law expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant. It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant.

*Id.* at 616.

Both the United States Supreme Court and the Court of Criminal Appeals have recognized a two-part analysis for determining the legality of a blood draw: reviewing courts must determine (1) whether the police were justified in requiring the defendant to submit to a blood test and (2) whether the means and procedures employed in taking the blood respected the relevant Fourth Amendment standards

of reasonableness. *See State v. Johnston*, 336 S.W.3d 649, 658 (Tex. Crim. App. 2011) (citing *Schmerber*, 384 U.S. at 768, 86 S. Ct. at 1834).

Appellant argues that the United States Supreme Court's recent holding in *Missouri v. McNeely* invalidates his blood draw. I disagree. In *McNeely*, the Supreme Court clarified the meaning of "exigency" in the context of a warrantless blood draw, holding that the natural metabolization of alcohol in the bloodstream, without more, does not constitute exigent circumstances; rather, "exigency" must be determined case-by-case based on the totality of the circumstances. 133 S. Ct. at 1560, 1568. Nothing in that opinion invalidated Texas's implied consent statute. In fact, in Section III of *McNeely*, Justice Sotomayor, writing for a four-justice plurality, implicitly characterized implied consent statutes, including a specific reference to section 724.012(b), as collateral to the exigency concerns underlying the issue before the Supreme Court. *Id.* at 1566–67 & n.9. Thus, I conclude that *McNeely* is inapplicable to the current case, which involved the application of Texas's implied consent statute, and it does not render that statute unconstitutional.

Texas's implied consent statute, Transportation Code section 724.012(b)(3)(B), provides that "[a] peace officer shall require the taking of a specimen of the person's breath or blood . . . if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a

5

specimen voluntarily" if, "at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person . . . *on two or more occasions, has been previously convicted of . . . an offense* under Section 49.04 [the DWI statute], 49.05, 49.06, or 49.065, Penal Code. . . ." TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (emphasis added). Section 724.013 provides, "Except as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer." *Id.* § 724.013 (West 2011).

Here, Officer Rivas received information from a reliable source relating Lyssy's prior DWI history, as required by section 724.012(b)(3)(B)—but that dispatch report listed only *one* prior DWI conviction. The officer's explanation for his ordering the blood drawn—that he believed from the report that Lyssy actually had two previous DWI convictions—does not alter the fact that the statutory conditions for implying Lyssy's consent to the blood draw were not met. Indeed, the majority's holding—that an officer's subjective belief that an implied consent statute has been satisfied is sufficient to imply consent—vitiates both the implied consent statute and the underlying constitutional concept of implied consent to a warrantless search. Under the majority's reading of the statute, consent to a warrantless search is implied whenever an officer believes in good faith that he has complied with the law in ordering a search. Neither the implied consent statute nor

6

the constitutional Fourth Amendment restrictions on searches and seizures would have any meaning if the beliefs of police officers were their own warrant for the validity of a search of a person or place or the seizure of a blood specimen regardless of the facts.

I would hold that the subjective beliefs of an officer do not satisfy the objective requirements of the implied consent statute. The implied consent statute required that Officer Rivas have reliable information from a credible source that Lyssy had at least two prior DWI convictions, but Lyssy had only one previous conviction—Officer Rivas's misunderstanding of the report notwithstanding. The fact that the report labeled Lyssy's single previous conviction as "driving while intoxicated 2nd" might make Officer Rivas's belief at the time he subjected Lyssy to the blood draw reasonable, but it does not alter the material facts—the report listed only one previous DWI conviction, and Lyssy, in fact, had only one prior DWI conviction. Section 724.012(b)(3)(B), by its plain language, does not imply consent when a suspect has only one previous DWI conviction. Therefore, in the absence of a search warrant or actual consent, the blood evidence here is not admissible.

I would hold that because the statutory conditions for implying Lyssy's consent to the search were not satisfied, the evidence of the warrantless blood draw should have been suppressed.

"If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2. I cannot conclude beyond a reasonable doubt that the results of a warrantless blood test taken without consent—actual or implied—and showing a blood alcohol level that supported a conviction for DWI did not contribute to Lyssy's conviction.

I would therefore sustain Lyssy's point of error.

**Conclusion**

For the foregoing reasons, I would reverse the judgment of the trial court and remand for a new trial.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Keyes, J., dissenting

Publish. TEX. R. APP. P. 47.2(b).