

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0176-18

---

**THE STATE OF TEXAS,**

**v.**

**JOSE RUIZ, Appellee**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
GONZALES COUNTY**

---

KEEL, J., delivered the opinion of the Court in which KEASLER, HERVEY, RICHARDSON, NEWELL, and WALKER, JJ., joined. KELLER, P.J., filed a concurring and dissenting opinion in which SLAUGHTER, J., joined. YEARY, J., did not participate.

## O P I N I O N

Appellee was charged with felony driving while intoxicated after the State took a blood sample from him without a warrant and while he was unconscious. The trial court granted his motion to suppress his blood test results, and the court of appeals affirmed. The State sought discretionary review to determine whether (1) implied consent to a blood draw from an unconscious driver is reasonable under the Fourth Amendment, and

(2) exigent circumstances justified the warrantless blood draw. We granted review of the first ground, and we hold that implied consent is not a valid basis for a blood draw in the circumstances presented here. We now grant review of the second ground concerning exigent circumstances, vacate the lower court's holding on that issue, and remand the case to the court of appeals for reconsideration of it in light of *Mitchell v. Wisconsin*, 2019 U.S. LEXIS 4400, 139 S.Ct. 2525 (2019).

## I. Background

### A. Relevant Facts

Appellee fled the scene of a car wreck under circumstances demonstrating that he had been driving while intoxicated. Officers found him unresponsive in a nearby field and carried him to a patrol car. Emergency medical responders tried to revive him, but he remained unresponsive, and they took him to the hospital. Sergeant Bethany McBride arrested Appellee at the hospital and, although Appellee was unconscious, she read the DWI statutory warnings to him and then ordered a warrantless blood draw pursuant to Texas Transportation Code Sections 724.011 and 724.014.[1]

### B. Issue Granted

We granted review to decide whether implied consent under Section 724.014 is equivalent to voluntary consent as a recognized exception to the warrant requirement. Is it unreasonable under the Fourth Amendment for an officer to rely on an unconscious

---

[1]Throughout the remainder of this opinion "Section" refers to the Texas Transportation Code,

driver's implied consent for a blood draw when the unconsciousness prevents the officer from seeking actual consent? We hold that irrevocable implied consent is not free and voluntary and does not satisfy the consent exception to the warrant requirement of the Fourth Amendment. Consequently, we affirm the judgment of the court of appeals on this point.

### C. Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review; fact findings are reviewed for an abuse of discretion, and applications of law are reviewed *de novo*. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We will sustain the trial court's application of the law if it is correct on any applicable theory of law, and the record reasonably supports the ruling. *Valtierra v. State*, 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010). The trial court's findings in this case are undisputed, and we are presented only with a legal issue.

## II. <u>Discussion</u>

### A. Transportation Code

The State argues that the warrantless blood draw was reasonable in this case because it was authorized by the Transportation Code. Section 724.011 states that a drunk-driving suspect who uses the public roadways has consented to having his blood drawn:

> (a) If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place, or a

watercraft, while intoxicated, or an offense under Section 106.041, Alcoholic
Beverage Code, the person is deemed to have consented, subject to this chapter, to
submit to the taking of one or more specimens of the person's breath or blood for
analysis to determine the alcohol concentration or the presence in the person's
body of a controlled substance, drug, dangerous drug, or other substance.

TEX. TRANSP. CODE § 724.011.  Section 724.014 provides that an unconscious DWI

suspect is considered not to have withdrawn his implied consent:

> (a) A person who is dead, unconscious, or otherwise incapable of refusal is
> considered not to have withdrawn the consent provided by Section 724.011.
> (b) If the person is dead, a specimen may be taken by:
>> (1) the county medical examiner or the examiner's designated agent; or
>> (2) a licensed mortician or a person authorized under Section
>> 724.016 or 724.017 if there is not a county medical examiner for the county.
> (c) If the person is alive but is incapable of refusal, a specimen may be taken by a
> person authorized under Section 724.016 or 724.017.

TEX. TRANSP. CODE § 724.014.

The State argues that Appellee gave his implied consent to alcohol testing when he

drove on Texas roadways, and because that consent was never limited, withdrawn, or

revoked, his consent remained in full effect at the time of the blood draw.  We disagree

for the reasons given below.

**B. Fourth Amendment and Consent**

Under the Fourth Amendment a search of a person pursuant to a criminal

investigation "requires a search warrant or a recognized exception to the warrant

requirement."  *State v. Villarreal*, 475 S.W.3d 784, 795 (Tex. Crim. App. 2014).  The

totality of the circumstances dictates whether a warrantless search is reasonable.  *Missouri*

*v. McNeely*, 569 U.S. 141, 149 (2013).  A warrantless search may be reasonable "if the

police obtain consent." *Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim. App. 2002).

When the State relies on consent to justify a search, it must prove that the consent was

freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968).

Voluntariness depends on the totality of the circumstances. *Schneckloth v. Bustamonte*,

412 U.S. 218, 233 (1973). It means more than a knowing choice. *Id*. at 224. "The

ultimate question is whether the person's will has been overborne and his capacity for

self-determination critically impaired, such that his consent to search must have been

involuntary." *Meekins v. State*, 340 S.W.3d 454, 459 (Tex. Crim. App. 2011) (internal

quotation marks omitted) (quoting *United States v. Watson*, 423 U.S. 411, 424 (1976)

(quoting *Schneckloth*, 412 U.S. at 225)).

Relevant considerations include the subject's sophistication in the law, mental

acuity, and ability to exercise a free choice when facing arrest, and whether he was

advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), or advised that the

results of the search could be used against him. *Watson*, 423 U.S. at 424-25 (footnote

omitted). A defendant may limit the scope of his consent, *Florida v. Jimeno*, 500 U.S.

248, 252 (1991), or revoke it altogether. *Miller v. State*, 393 S.W.3d 255, 266 (Tex.

Crim. App. 2012); *Valtierra*, 310 S.W.3d at 450. The ability to limit or revoke is a

"necessary element of valid consent[.]" *Villarreal*, 475 S.W.3d at 799.

The State argues that Appellee consented to blood-alcohol testing by driving on

public roadways, and his consent lasted forever because he never revoked or limited it.

State's brief, pg. 7. In support of this argument the State cites *Valtierra* for the proposition that consent to search for a particular item implies consent to search anywhere that the item may be found unless the consent is expressly limited. 310 S.W.3d at 449-52. *Valtierra*, however, limited the scope of consent by the reasonable person standard in light of the totality of the circumstances. *Id*. at 451. It did not hold that consent is of boundless scope unless expressly limited.

The State suggests that since it did not cause Appellee's condition, his unconsciousness should not be held against the prosecution in assessing the voluntariness of his consent. It quotes *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012), for the proposition that consent "must not be the result of physical *or* psychological pressures brought to bear by law enforcement" and emphasizes the last phrase, i.e., "brought to bear by law enforcement." *Fienen*, however, relied on *Schneckloth* which turned to cases assessing the voluntariness of confessions and described the totality of the circumstances as including "both the characteristics of the accused and the details of the interrogation." *Schneckloth*, 412 U.S. at 226. *See also Meekins*, 340 S.W.3d at 460 (quoting *United States v. Pena*, 143 F.3d 1363, 1367 (10th Cir. 1998) (specifying that "the physical and mental condition and capacity of the defendant" are within the totality of the circumstances when determining voluntariness of consent)). Physical or psychological pressures brought to bear by law enforcement fall into the category of details of the interrogation; the characteristics of the accused still must be taken into consideration as

part of the totality of circumstances.

In this case Appellee was unconscious throughout his encounter with law enforcement and had no capacity for self-determination; he could not make a choice; he could not hear Sgt. McBride read warnings to him; and he could not limit or revoke his consent. Under these circumstances drawing his blood was an unreasonable application of the consent exception to the Fourth Amendment warrant requirement.

## III. Conclusion

We affirm the judgment of the court of appeals on the consent issue. We also grant the State's second ground for review asking whether exigent circumstances justified the blood draw in this case. We vacate the lower court's opinion on that issue and remand the case to the court of appeals for reconsideration in light of *Mitchell*, 2019 U.S. LEXIS 4400, 139 S.Ct. 2525.


Delivered: September 11, 2019
Publish