

# NUMBER 13-22-00010-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                        Appellant,

v.

HECTOR GUILLERMO IBARRA                                          Appellee.

## On appeal from the County Court at Law No.6
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Hector Guillermo Ibarra was charged with driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.09(a). By its sole issue, the State argues that the trial court erred in granting Ibarra's motion to suppress because the State obtained a valid warrant. We reverse and remand.

## I.    BACKGROUND

In Ibarra's motion to suppress, he argued that the seizure of his blood specimen was without a valid search warrant "and in violation of statute." On December 2, 2021, the trial court held a hearing.

At the hearing, Officer Eric Valdez from the Donna Police Department (DPD) testified that on May 31, 2019, he arrived at the scene to assist his sergeant in conducting a traffic stop. According to Officer Valdez, when he made contact with Ibarra who was in the driver's seat of the vehicle, Ibarra displayed signs of intoxication, such as slurred speech, bloodshot eyes, and unsteady balance when he exited the vehicle. Ibarra informed Officer Valdez that he was coming from a bar, on his way to another bar, and had consumed two beers. Officer Valdez conducted a Standard Field Sobriety Test. First, he conducted the horizontal gaze nystagmus and observed "the lack of smooth pursuit, and distinct and sustained nystagmus at the maximum deviation." He then administered the walk-and-turn test in which Ibarra displayed seven out of eight potential clues of intoxication. Lastly, Officer Valdez administered the one-leg stand test in which Ibarra displayed all four potential clues of intoxication: he swayed, hopped, set his foot down, and used his arms for balance. Based on the totality of his observations and the clues he observed, Officer Valdez arrested Ibarra for DWI, read him his rights,[1] and requested a specimen of his breath, which Ibarra refused.

---

[1] Officer Valdez explained that he read Ibarra the "DIC-24," a form which "describes the defendant's rights. It gives a warning that he's placed under arrest, and the officer's authority to request a blood specimen, and the penalties regarding his driver's license if he refuses to provide a blood specimen."

2

Officer Valdez advised Ibarra that he "had the authority to apply for a blood search warrant." After transporting Ibarra to the DPD, Officer Valdez applied for a search warrant, which a magistrate granted. In his motion to suppress, Ibarra argued that "under [§] 724.013 . . . to obtain that warrant that you may apply for, you need to meet these certain exceptions, and in this case none of the exceptions were met." *See* TEX. TRANSP. CODE ANN. § 724.013 ("Except as provided by [§] 724.012(a-1) or (b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer."). The trial court granted Ibarra's motion to suppress, and the State appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (State may appeal an order granting a motion to suppress evidence).

## II. MOTION TO SUPPRESS

By its sole issue, the State argues that the trial court erred in suppressing Ibarra's blood specimen because Officer Valdez secured a valid warrant to obtain the specimen.

### A. Standard of Review

We review a ruling on a motion to suppress using a bifurcated standard of review. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's findings of historical fact that are supported by the record, and to mixed questions of law and fact that turn on an assessment of a witness's credibility or demeanor. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We review de novo the trial court's determination of legal questions and its application of the law to facts that do not turn

3

upon a determination of witness credibility and demeanor. *Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673; *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). "We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008).

## B.    Discussion

At the motion to suppress hearing, Ibarra argued that for the State to obtain a warrant for the specimen, the State must meet each of § 724.012(a-1) (1-4) requirements in the transportation code, and none of those requirements were met here. *See* TEX. TRANSP. CODE ANN. § 724.012(a–1) (providing that an officer shall require a specimen if: (1) the officer made a DWI arrest; (2) the person refuses to provide a sample; (3) the person operated a motor vehicle involved in an accident; and (4) at the time of the arrest, the officer reasonably believes that as a direct result of the accident, a person will die or suffer serious bodily injury). However, the Texas Court of Criminal Appeals has rejected this very argument, holding that Chapter 724 of the transportation code does not apply when an officer has obtained a valid warrant to draw blood. *See Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002) (recognizing the constitutionality of blood draws performed pursuant to a valid warrant); *see also State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011) ("In *Beeman v. State*, we held that Chapter 724 is inapplicable when there is a warrant to draw blood . . . .").

In *Beeman*, the officer executed a search warrant for the defendant's blood over

the defendant's objection. *See* 86 S.W.3d at 614. The defendant argued that "regardless of whether the Fourth Amendment is satisfied by the search warrant, the search is nevertheless invalid because it violates the statute [in the transportation code]." *Id.* at 616; *see* TEX. TRANSP. CODE ANN. § 724.012 (providing statutorily implied consent and negating the need for a warrant in certain circumstances). The court held that the "implied consent law . . . is important when there is no search warrant, since it is another method of conducting a constitutionally valid search," but "if the State has a valid search warrant, it has no need to obtain the suspect's consent." *Beeman*, 86 S.W.3d at 615. The court explained:

> [t]he implied consent law expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant. It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant. But once a valid search warrant is obtained by presenting facts establishing probable cause to a neutral and detached magistrate, consent, implied or explicit, becomes moot.

*Id.* at 616. Because Officer Valdez obtained a valid search warrant before obtaining Ibarra's blood and Ibarra does not challenge the warrant's validity, the trial court erred by suppressing the blood specimen.[2] *See Valtierra*, 310 S.W.3d at 447. We sustain the State's issue.

### III.  CONCLUSION

We reverse and remand for proceedings consistent with this memorandum

---

[2] We note that at the motion to suppress hearing, Ibarra limited his argument to the application of § 724.012. *See* TEX. TRANSP. CODE ANN. § 724.012.

5

opinion.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of November, 2022.