**Opinion issued July 29, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00666-CR**

———————————

**THE STATE OF TEXAS, Appellant**

**V.**

**VANESSA LEIGH COGGINS, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. MD-0410165**

---

**MEMORANDUM OPINION**

The State charged appellee Vanessa Leigh Coggins with driving while intoxicated. Before trial, she moved to suppress the toxicology results of a blood draw taken pursuant to a search warrant. Coggins argued that the arresting officer gave her incorrect written, statutory warnings, impacting her decision to refuse or

consent to giving a blood specimen. The trial court granted the motion to suppress and ruled the toxicology evidence inadmissible.

The State ultimately obtained the blood sample pursuant to a valid and uncontested search warrant. Therefore, Coggins's refusal to consent is immaterial. The trial court abused its discretion in granting the motion to suppress. We reverse and remand.

## Background

While patrolling in early morning hours, a Galveston Police Department patrol officer came upon Coggins's vehicle crashed into a parked trailer. The police officer arrested Coggins and read statutory warnings required under the Texas Transportation Code.

Coggins refused to provide a breath or blood specimen. After Coggins's refusal, the officer obtained a search warrant for a sample of Coggins's blood. A judge signed the search warrant, and the officer obtained a sample of Coggins's blood at a hospital.

The State charged Coggins with the misdemeanor offense of driving while intoxicated. Coggins moved to suppress "any and all evidence seized or obtained as a result of illegal acts on behalf of the Government in this criminal prosecution which violated the defendant's rights as guaranteed her under both the federal and state constitutions and under state statutes." She argued that the officer provided

2

her incorrect written, statutory warnings. After a hearing, the trial court granted the motion to suppress the results of Coggins's blood test. In written findings of fact and conclusions of law, the trial court held, "The blood evidence was collected in violation of Texas Transportation Code 724 and therefore is inadmissible."

The State appeals.

## Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion using a bifurcated standard. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019); *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We defer to a trial court's findings of fact that are supported by the record. *Shepherd*, 273 S.W.3d at 684. We review de novo legal questions and mixed questions of law and fact that do not turn on credibility and demeanor. *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). We will sustain the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

## Applicable Law

Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing of certain information, *see* TEX. TRANSP. CODE § 724.015(a). This information includes that "if the person submits

to the taking of a blood specimen, the specimen will be retained and preserved in accordance with Article 38.50, Code of Criminal Procedure." *Id.* § 724.015(a)(8). The information listed in section 724.015 is "also known as the DIC-24 warnings." *State v. Stubbs*, No. 14-23-00670-CR, 2024 WL 5252044, at *2 (Tex. App.— Houston [14th Dist.] Dec. 31, 2024, no pet.) (mem. op., not designated for publication) (citation omitted). Prior to 2021, the DIC-24 warnings did not require an officer to inform the person of the retention and preservation requirements of article 38.50. *Id.*

## Analysis

The police officer arrested Coggins in February 2023. The trial court found that the officer read Coggins the current, correct version of the DIC-24 warnings but later gave her an outdated written version that omitted the reference to the retention and preservation policy in article 38.50. The trial court found that the officer failed to provide Coggins a written copy of the required version of the DIC-24 before requesting that she submit to the taking of a blood or breath specimen as required by TEX. TRANSP. CODE § 724.015. The trial court concluded that the blood evidence was collected in violation of Texas Transportation Code chapter 724, and therefore was inadmissible. Based on that finding, the trial court granted Coggins's motion to suppress.

The record reflects that the officer obtained a search warrant for Coggins's blood after she did not consent to provide a specimen. Chapter 724 is not applicable when, like here, there is a warrant to draw blood. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). Because Coggins's blood was drawn pursuant to a warrant, and she did not contest the validity of the warrant, compliance with chapter 724 "was not necessary to satisfy the Fourth Amendment." *Id.*; *see Stubbs*, 2024 WL 5252044 at *3 (holding same and listing similar decisions of courts of appeals in accord with *Beeman*).

The officer's noncompliance with chapter 724 is immaterial. The State obtained appellee's blood pursuant to a warrant, and the test results are not inadmissible for the reasons stated by the trial court.

We sustain the State's sole issue.

## Conclusion

We reverse the trial court's ruling and remand the case for further proceedings consistent with this opinion.


Susanna Dokupil
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).