AFFIRM; and Opinion Filed October 30, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00420-CR

JUSTIN MICHAEL KRISS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 2
Dallas County, Texas
Trial Court Cause No. MB2010-60533

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

The issue in this misdemeanor driving while intoxicated case is the admissibility of blood test results obtained based on an allegedly defective probable cause affidavit. We affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

*Background*

Appellant Justin Michael Kriss moved pre-trial to suppress his blood-alcohol test results showing a level in excess of .08. Appellant argues the drawing of his blood was an unlawful seizure in violation of the United States and Texas constitutions because the affidavit in support of the warrant was invalid. Specifically, appellant complains the affidavit was invalid because it failed to recite facts establishing appellant's blood constituted evidence that he committed the

offense for which he was charged and the affidavit failed to contain facts establishing appellant "operated a motor vehicle." The trial court denied the motion, concluding the affidavit "is sufficient to support a magistrate drawing inferences that this officer" had knowledge of the offense. The trial court further concluded the affidavit sufficiently contained the facts necessary and sustained the "blood warrant." Appellant subsequently waived his right to a jury trial and entered a plea of guilty. The trial court assessed appellant's punishment at confinement for 180 days, suspended for two years, and a fine of $800.

On appeal, appellant complains the trial court erred by denying his motion to suppress because the search warrant affidavit: 1) failed to recite facts that appellant "operated a motor vehicle" and 2) failed to establish appellant's blood constituted evidence that he committed the offense for which he was arrested.

### Standard of Review

We review a trial judge's motion-to-suppress ruling under a bifurcated standard. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). We give "almost total deference to a trial court's determination of historical facts" and we apply a de novo standard to the trial court's application of the law. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend. IV. A blood draw constitutes a search under the Fourth Amendment, however, the Constitution is not offended if the draw occurs pursuant to a valid search warrant. *Schmerber v. California*, 384 U.S. 757, 769–70 (1966); *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). Before a search warrant may issue, sufficient facts to establish probable cause that a specific offense has been committed must be presented to an issuing magistrate. TEX. CODE CRIM. PROC. ANN. art. 18.01 (West Supp. 2012). A search warrant must be based on

probable cause as determined from the four corners of an affidavit. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01(b) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested."). "Probable cause exists when, under the totality of the circumstances, there is a fair probability or substantial chance that contraband or evidence of a crime will be found at the specified location." *Bonds*, 403 S.W.3d at 873. We will uphold a magistrate's probable cause determination provided the magistrate had a substantial basis for concluding that probable cause existed. *Id.* When we review an issuing magistrate's determination, we "interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Id.* (quoting *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007).

*Analysis*

Appellant first complains there are no facts recited in the affidavit to establish probable cause to believe that the offense of driving while intoxicated ("DWI") was committed, because there are no facts contained in the affidavit to show that appellant was operating a motor vehicle prior to his arrest for that offense. The State contends the facts in the affidavit are sufficient and the magistrate made a reasonable inference.

We conclude appellant has not established a deficiency in the search warrant affidavit. Appellant argues the recitation in the affidavit that appellant had committed the offense of DWI is a mere conclusion and not sufficient to support a magistrate drawing inferences to find probable cause. However, our review of the affidavit reveals it also states the following specific facts, in pertinent part:

> 5. On the 3[rd] day of July, 2010, Affiant **RESPONDED TO A CALL FOR SERVICE** regarding a male passed out behind the wheel on [sic] a **2004 Blue**

–3–

**Ford F150** which was being driven by **Kriss, Justin, Michael,** the same person identified in paragraph 1 above, at **5500 E. Mockingbird** which was in Dallas, Dallas County, Texas.

(emphasis in original). The chart in the affidavit regarding the performance of appellant's field sobriety tests indicates appellant could not perform the "Walk and Turn" or "One Leg Stand" tests, that his *driving habits prior to the stop* were "Observed, indicated impaired driver," the odor of an alcoholic beverage was "Strong," his speech was "Extremely Slurred," and his eyes were "Bloodshot." (emphasis added). Based on these facts, the totality of the circumstances, and reasonable inferences derived from these facts, we conclude the magistrate was justified in finding probable cause that appellant had operated a motor vehicle while intoxicated and evidence of that crime would be found through a sample of appellant's blood. *See Bonds*, 403 S.W.3d at 874 (either directly or through reasonable inference, affidavit satisfactorily established nexus between criminal activity, things to be seized, and place to be searched); *see also Hughes v. State*, 334 S.W.3d 379, 387 (Tex. App.—Amarillo 2011, no pet.) ("failure to detail the operative facts of the initial stop is not fatal to the magistrate's overall determination that probable cause to issue the warrant existed because the issue is not reasonable suspicion to detain appellant, rather it is probable cause to authorize the issuance of a search warrant following the detention).

Appellant also complains there are no facts recited in the affidavit to establish probable cause to believe that the seizure of appellant's blood constituted evidence of the offense for DWI. The State contends the facts in the affidavit are sufficient and the magistrate made a reasonable inference.

Again, we conclude appellant has not established a deficiency in the search warrant affidavit. Appellant argues the recitation in the affidavit that describes the offense as DWI, named appellant as "the suspected party," and recited a "belief" that appellant's blood

constituted evidence of the offense fails to show why or how the evidence sought to be seized constitutes evidence. The affidavit states the following, in pertinent part:

> 3. It is the belief of Affiant that said suspected party has possession of and is concealing the following property: human blood.
>
> Said property constitutes evidence that the offense described in paragraph 4 below was committed and that said suspected party committed the offense described.

Appellant argues these are allegations and not the required facts that connect the item to be seized with the offense charged to show that the item is evidence of the crime. While appellant does provide this Court with citations to legal authority for his proposition that facts in an affidavit for an evidentiary search warrant must connect the items to be seized with the offense charged, he fails to provide this Court any legal authority regarding a warrant for a blood draw. The essence of this argument is to require us to hyper-technically construe the language of the affidavit. *See Bonds*, 403 S.W.3d at 873; *Rodriguez*, 232 S.W.3d at 59. Such an analysis denies this Court, as the reviewing court, the right to interpret the affidavit in a commonsensical manner, recognizing that the magistrate may draw reasonable inferences from the facts and circumstances contained within the affidavit's four corners. *Bonds*, 403 S.W.3d at 873. The affidavit states that the suspected offense is DWI and that appellant refused when asked for a sample of his breath and blood. The affidavit then states appellant is the person arrested, and that blood is the property being concealed. The affidavit also states the property constitutes evidence that the offense was committed. It only takes a reasonable inference to realize the magistrate knows that the blood is being requested to analyze it for the presence of blood alcohol for use in a prosecution for DWI. *See Rodriguez*, 232 S.W.3d at 61; *see also Hughes*, 334 S.W.3d at 387 (holding that affidavit need not state how blood draw would constitute evidence of driving while intoxicated because magistrate could draw logical inferences from affidavit's facts: "It takes no great leap of faith or unknown intuitiveness to realize that the magistrate knows that the blood is

–5–

being requested to analyze it for the presence of blood alcohol for use in a prosecution for DWI."). Because the penal code defines in part the offense of DWI by a measurement of the defendant's blood alcohol concentration—"the number of grams of alcohol per 100 milliliters of blood"— it seems obvious that the purpose of obtaining a blood sample in such a case would be to test it for the presence of intoxicants and to make the test results available as evidence of the commission of the DWI offense. *State v. Webre*, 347 S.W.3d 381, 387 (Tex. App.—Austin 2011, no pet.) (citing TEX. PENAL CODE ANN. § 49.01(1)(B)). We conclude this affidavit contains sufficient facts to show probable cause which supports the issuance of the search warrant.

## Conclusion

We overrule appellant's issue and affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.

120420F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
# JUDGMENT

JUSTIN MICHAEL KRISS, Appellant

No. 05-12-00420-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 2, Dallas County, Texas
Trial Court Cause No. MB2010-60533.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of October, 2013.


/David Lewis/
_____
DAVID LEWIS
JUSTICE