PD-0071-15

PD-0071-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/13/2015 4:04:58 PM
Accepted 2/17/2015 3:00:09 PM
ABEL ACOSTA
CLERK

No. 04-13-00754-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JOSE ANGEL FLORES, JR.,                                          Appellant

v.

THE STATE OF TEXAS,                                             Appellee

Appeal from Guadalupe County

\*   \*   \*   \*   \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

February 17, 2015

ABEL ACOSTA, CLERK

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**Oral Argument Requested**

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

* The parties to the trial court's judgment are the State of Texas and Appellant, Jose Angel Flores, Jr.

* The trial judge was Hon. Frank Follis.

* Counsel for the State at trial was Joe Buitron, 211 W. Court Street, Seguin, Texas 78155.

* Counsel for the State before the Court of Appeals was Christopher M. Eaton, Guadalupe County Attorney, 211 W. Court Street, 3rd Floor, Seguin, Texas 78155.

* Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

* Counsel for Appellant at trial was W. David Friesenhahn, 314 N. Austin Street, Seguin, Texas 78155.

* Counsel for Appellant before the Court of Appeals was Susan Schoon, 118 S. Union Avenue, New Braunfels, Texas 78130.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1.     **Is a warrantless, mandatory blood draw conducted pursuant to TEX. TRANS. CODE § 724.012(b)(3)(B)—the repeat offender provision— reasonable under the Fourth Amendment?**

2.     **Do the federal and state (TEX. CODE CRIM. PROC. art. 38.23) exclusionary rules require suppression when, at the time of the search, the warrantless blood draw was authorized by TEX. TRANS. CODE § 724.012(b)(3)(B) and binding caselaw?**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-10

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

APPENDIX (Opinion of the Court of Appeals)

i

# INDEX OF AUTHORITIES

**Cases**

*Aliff v. State*, 627 S.W.2d 166 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . . . 6-7

*Beeman v. State*, 86 S.W.3d 613 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . 6

*New York v. Belton*, 453 U.S. 454 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Boykin v. State*, 818 S.W.2d 782 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . 6

*Davis v. United States*, 131 S. Ct. 2419 (2011). . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9

*Douds v. State*, PD-0857-14 (granted Sept. 17, 2014). . . . . . . . . . . . . . . . . . . . . 5

*Flores v. State*, No. 04-13-00754-CR, 2014 Tex. App. LEXIS 13418 (Tex. App.—San Antonio Dec. 17, 2014) (not designated for publication). . . . . . . . . . . . 2, 3 n.1, 3-4

*Arizona v. Gant*, 556 U.S. 332 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Holidy v. State*, No. PD-0622-14 (granted Aug. 20, 2014; argued and submitted Jan. 14, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*State v. Johnston*, 336 S.W.3d 649 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . 6

*Karnev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . 6

*Illinois v. Krull*, 480 U.S. 342 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Miles v. State*, 241 S.W.3d 28 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . 9

*Missouri v. McNeely*, 133 S. Ct. 1552 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Pesina v. State*, 676 S.W.2d 122 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . 7

*Reeder v. State*, No. PD-0601-14 (granted Aug. 20, 2014; argued and submitted Jan. 15, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rocha v. State*, 16 S.W.3d 1 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . 9

*Schmerber v. California,* 384 U.S. 757 (1966). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Villarreal v. State*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014, reh'g filed). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Weems v. State*, 2014 Tex. App. LEXIS 5109 (2014). . . . . . . . . . . . . . . . . . . 4, 4 n.2

*Weems v. State*, No. PD-0635-14 (granted Aug. 20, 2014; argued and submitted Nov. 17, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 n.3

*Wehrenberg v. State*, 416 S.W.3d 458 (Tex. Crim. App. 2013). . . . . . . . . . . . . 8 n.4

*Wilson v. State*, 311 S.W. 3d 452 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . 9

**Statutes**

TEX. CODE CRIM. PROC. art. 38.23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

TEX. TRANS. CODE § 724.012(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

TEX. TRANS. CODE § 724.012(b)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3 n.1, 8

No. 04-13-00754-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JOSE ANGEL FLORES, JR.,                                          Appellant

v.

THE STATE OF TEXAS,                                              Appellee

Appeal from Guadalupe County

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully urges this Court to grant review.

**STATEMENT REGARDING ORAL ARGUMENT**

The State requests oral argument on Ground 2. This Court has not yet addressed whether the federal and state (TEX. CODE CRIM. PROC. art. 38.23) exclusionary rules require suppression when, at the time of the search, warrantless blood draws were authorized by TEX. TRANS. CODE § 724.012(b) and binding

1

caselaw. Discussion would assist the Court in determining (1) whether the federal good-faith exception applies, and (2) whether the principles underlying the federal good-faith exception also support a determination that the blood was not "obtained . . . in violation" of the law. *See* TEX. CODE CRIM. PROC. art. 38.23.

## STATEMENT OF THE CASE

The trial court denied Appellant's suppression motion that challenged the warrantless draw of his blood under TEX. TRANS. CODE § 724.012(b)(3)(B) based on the Supreme Court's then-recent decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). After accepting Appellant's no contest plea to misdemeanor driving while intoxicated, the trial court found him guilty and sentenced him to ninety days' in jail and assessed a $1,000 fine. 4 RR 4; 5 RR 5.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals reversed the denial of Appellant's motion to suppress. *Flores v. State*, No. 04-13-00754-CR, 2014 Tex. App. LEXIS 13418 (Tex. App.—San Antonio Dec. 17, 2014) (not designated for publication). The State did not seek rehearing.

2

**STATEMENT OF FACTS**

**Blood Draw Evidence**

The court of appeals summarized the facts relating to the blood draw as follows:

> On November 3, 2009, at about 8:00 p.m., Flores was stopped for a traffic violation by Deputy Robert Williams and asked to provide a breath specimen. Flores refused. He was then arrested and placed inside Deputy Williams's patrol vehicle. While en route to the jail, Deputy Williams called dispatch and asked that a background check be run on Flores. Deputy Williams was informed by dispatch that Flores had two prior convictions for DWI. Deputy Williams then took Flores to the medical center so that a blood sample could be taken from Flores pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code. Deputy Williams did not obtain a warrant for the blood draw.[1]

*Flores*, 2014 Tex. App. LEXIS 13418, at *1-2.

**Court of Appeals**

The court of appeals reversed the trial court's suppression ruling. Relying on this Court's decision in *Villarreal v. State*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014, reh'g filed), the court held that the draw violated the Fourth Amendment. *Flores*, 2014 Tex. App. LEXIS 13418, at *4-7. Regarding the propriety of suppression, the State claimed that the blood was not "obtained . . . in violation" of the law under Article 38.23 because, at the time of the

---

[1] It was later determined that Appellant did not have two prior DWI convictions. *Flores*, 2014 Tex. App. LEXIS 13418, at *2. The trial court granted Flores' first suppression motion on the basis that TEX. TRANS. CODE § 724.012(b)(3)(B) had been violated. *Id.* at *2. The court of appeals reversed and remanded the case to the trial court. *Id.* On remand, Appellant challenged the blood draw under *McNeely*. *Id.*

3

draw, warrantless draws under Section 724.012(b)(3)(B) were lawful. *Id*. at \*7-9. The court, however, concluded that the statute does not dispense with the warrant requirement; thus, blood obtained in the absence of a warrant or other recognized exception to the warrant requirement violates the Fourth Amendment. *Id*. at \*8. Finally, citing its decision in *Weems v. State*, 434 S.W.3d 655, 666-67 (Tex. App.—San Antonio 2014),[2] the court declined to apply the good-faith exception to the federal and state exclusionary rules. *Flores*, 2014 Tex. App. LEXIS 13418, at \*9.

## GROUNDS FOR REVIEW

1. **Is a warrantless, mandatory blood draw conducted pursuant to TEX. TRANS. CODE § 724.012(b)(3)(B)—the repeat offender provision— reasonable under the Fourth Amendment?**

2. **Do the federal and state (TEX. CODE CRIM. PROC. art. 38.23) exclusionary rules require suppression when, at the time of the search, the warrantless blood draw was authorized by TEX. TRANS. CODE § 724.012(b)(3)(B) and binding caselaw?**

---

[2] *Weems* held that the good-faith exceptions recognized by the Supreme Court do not apply to Texas' exclusionary rule. 434 S.W.3d at 666-67.

**1.     The draw was reasonable under the Fourth Amendment.**

The warrantless blood draw, conducted under Section 724.012(b)(3)(B), was reasonable under Fourth Amendment jurisprudence.  Review should be granted because the same issue is pending on rehearing in *Villarreal v. State*, and in *Holidy v. State*, No. PD-0622-14 (granted Aug. 20, 2014; argued and submitted Jan. 14, 2015), and *Reeder v. State*, No. PD-0601-14 (granted Aug. 20, 2014; argued and submitted Jan. 15, 2015), and *Douds v. State*, PD-0857-14 (granted Sept. 17, 2014).[3]

**2.     The federal and state exclusionary rules do not require suppression because police relied on binding law authorizing the search at the time it was conducted.**

**Federal Exclusionary Rule**

The Supreme Court has held that the good-faith exception to the Fourth Amendment's exclusionary rule applies when law enforcement, at the time of the search, acted objectively reasonably by relying on (1) a statute, which was later declared unconstitutional, or (2) binding judicial precedent, which was subsequently overruled.  *Illinois v. Krull*, 480 U.S. 342, 349-57 (1987) (statutes); *Davis v. United States*, 131 S. Ct. 2419, 2428-34 (2011) (caselaw).

The good-faith exception is applicable here.  First, the police relied on the

---

[3]  *Weems v. State*, No. PD-0635-14 (granted Aug. 20, 2014; argued and submitted Nov. 17, 2014), does not implicate the repeat offender provision.

5

mandatory blood draw statute authorizing the search without a warrant. TEX. TRANS. CODE § 724.012(b); *see Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim. App. 2002). At the time of the search, the statute was presumptively constitutional. *See Karnev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("Statutes are presumed to be constitutional until it is determined otherwise."). The statute, by its plain terms, does not require police to obtain a warrant. To conclude otherwise conflicts with the rules of statutory construction and this Court's recognition that the statute implicitly dispenses with the warrant requirement. *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) (courts are prohibited from adding to or subtracting from a statute's plain text); *State v. Johnston*, 336 S.W.3d 649, 660 (Tex. Crim. App. 2011) ("Chapter 724 of the Texas Transportation Code, which contains Texas' implied consent statutes, governs the State's ability to obtain a breath or blood sample from a DWI suspect when there is no warrant.") (citing *Beeman*, 86 S.W.3d 613 at 616).

Second, the police could have reasonably relied on Texas precedent holding that dissipation of alcohol from the blood stream constitutes exigency which, combined with probable cause and a reasonable method of drawing blood, does not require a warrant. In *Aliff v. State*, this Court upheld the warrantless blood draw from a DWI suspect because there was probable cause to arrest, the draw was "unintrusive," and alcohol is "quickly consumed" and "would be lost forever." 627 S.W.2d 166, 169-70

6

(Tex. Crim. App. 1982); *see also Pesina v. State*, 676 S.W.2d 122, 123-27 (Tex. Crim. App. 1984) (same). The Court concluded: "In the present case the exigency of rapidly dissipating alcohol justified the search." *Id*. Understanding *Aliff* as establishing a dissipation exigency *per se* rule is not unreasonable because the need for probable cause and the reasonableness of venipuncture blood draws were already settled by *Schmerber v. California*. 384 U.S. 757, 768-71 (1966). Such a view was not uncommon; *McNeely* acknowledged a nation-wide split of authority on the issue. 133 S. Ct. at 1558.

But what about the fact that *McNeely* did not announce a new rule of law? The Court's decision makes clear that *McNeely* explained what *Schmerber* stood for all along. *Id*. at 1559-61. However, that lower courts wrongly interpreted Supreme Court authority does not bar the application of the good-faith exception. In *Arizona v. Gant*, the Supreme Court recognized that many courts misconstrued *New York v. Belton*, 453 U.S. 454 (1981), to create a bright-line entitlement rule to a vehicle search after a recent occupant's arrest, regardless of whether the passenger compartment is within reach. 556 U.S. 332, 342-43 (2009).

The issue in *Davis v. United States* was whether it is appropriate to apply the exclusionary rule to a pre-*Gant* search that was, at the time of the search, permissible under Eleventh Circuit precedent adopting the erroneous *Belton* "entitlement" rule.

131 U.S. at 2424-28. According to the Court, because the officers complied with binding caselaw at the time, their conduct was objectively reasonable. *Id*. at 2429. Thus, the Court decided to apply the good-faith exception because the circumstances did not involve police misconduct—the problem the exclusionary rule was developed to deter. *Id*. at 2492, 2432.

Here, the officer withdrew Appellant's blood under the authority of a valid statute and binding precedent. Therefore, applying the exclusionary rule would not serve the rule's purpose. For purposes of the Fourth Amendment, the good-faith exception precludes suppression.

**Texas' Exclusionary Rule**

Contrary to the court of appeals' determination, suppression is not required or justified under Texas' exclusionary rule either. Article 38.23 prohibits the use of evidence "obtained . . . in violation" of the law.[4] TEX. CODE CRIM. PROC. art. 38.23(a). Not every violation of the law is subject to exclusion under Article 38.23. This Court has not applied the plain language of the statute and instead has read into it a requirement that the violation be related "to the purpose of the exclusionary rule

---

[4] As observed by Judge Price, the federal exclusionary rule's "labels" (*i.e.*, "exceptions") do not apply to Article 38.23, though the overall concept and rationale underlying them may be applicable. *Wehrenberg v. State*, 416 S.W.3d 458, 475-76 (Tex. Crim. App. 2013) (Price, J., concurring). The correct inquiry is, "Was the evidence 'obtained' by virtue of the primary illegality." *Id*. at 476.

or to the prevention of the illegal procurement of evidence of crime." *Wilson v. State*, 311 S.W. 3d 452, 459 (Tex. Crim. App. 2010). In *Miles v. State*, the Court held that a person's violation of traffic laws in order to make a citizen's arrest did not implicate Article 38.23, noting that "only those acts which violate a person's privacy rights or property interests are subject to the state or federal exclusionary rule." 241 S.W.3d 28, 36, 46 (Tex. Crim. App. 2007). And in *Rocha v. State*, the Court held that Article 38.23 does not apply to evidence obtained in violation of the Vienna Convention because the treaty is intended to protect nations; it does not create enforceable individual rights. 16 S.W.3d 1, 18-19 (Tex. Crim. App. 2000).

A similar suppression exemption should be recognized here because the primary purpose of Article 38.23 is not furthered when a search was conducted pursuant to a presumptively valid statute and case law interpreting it. Like the federal exclusionary rule, the purpose of Article 38.23 is to deter police misconduct. *Miles*, 241 S.W.3d at 36. Here, because the officer acted lawfully at the time of the search by relying on a statute and binding precedent from this Court, the blood was not "obtained . . . in violation" of the law. A decision overruling a law that was valid at the time of the search should not operate retroactively for purposes of the remedy in Article 38.23. *See Davis*, 131 S. Ct. at 2430-32 (distinguishing retroactive application from the availability of the remedy of suppression). In this case, there was no police

9

misconduct to remedy.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant review and reverse the decision of the court of appeals.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632


P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 1,661 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State's Petition for Discretionary

Review has been served on February 13, 2015, via certified electronic service provider

to:

Hon. Christopher M. Eaton
Guadalupe County Attorney's Office
211 West Court Street, 3rd Floor
Seguin, Texas 78155
chris.eaton@co.guadalupe.tx.us


Hon. Susan Schoon
Zamora & Schoon, PLLC
118 S. Union Avenue
New Braunfels, Texas 78130
sschoon@zslawoffice.com


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

13

# APPENDIX



**Jose Angel FLORES Jr., Appellant v. The STATE of Texas, Appellee**

**No. 04-13-00754-CR**

**COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO**

*2014 Tex. App. LEXIS 13418*

**December 17, 2014, Delivered**
**December 17, 2014, Filed**

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** **[*1]** From the County Court at Law No. 2, Guadalupe County, Texas. Trial Court No. CCL-10-0869. Honorable Frank Follis, Judge Presiding. *State v. Flores, 392 S.W.3d 229, 2012 Tex. App. LEXIS 9995 (Tex. App. San Antonio, 2012)*

**DISPOSITION:** REVERSED AND REMANDED.

**COUNSEL:** For APPELLANT: Susan Lee Schoon, Zamora & Schoon, PLLC, New Braunfels, TX.

For APPELLEE: Christopher M. Eaton, Guadalupe County - Assistant Attorney, Seguin, TX.

**JUDGES:** Opinion by: Karen Angelini, Justice. Sitting: Catherine Stone, Chief Justice, Karen Angelini, Justice, Rebeca C. Martinez, Justice.

**OPINION BY:** Karen Angelini

**OPINION**

**MEMORANDUM OPINION**

REVERSED AND REMANDED

Jose Angel Flores Jr. appeals the trial court's denial of his motion to suppress blood evidence, arguing his motion should have been granted pursuant to the Supreme Court's recent decision in *Missouri v. McNeely, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013)*. Because we agree that Flores's motion to suppress should have been granted, we reverse the judgment of the trial court and remand the cause for a new trial.

**BACKGROUND**

On November 3, 2009, at about 8:00 p.m., Flores was stopped for a traffic violation by Deputy Robert Williams and asked to provide a breath specimen. Flores refused. He was then arrested and placed inside Deputy Williams's patrol vehicle. While en route to the jail, Deputy Williams called dispatch and asked that a background check be run on Flores. **[*2]** Deputy Williams was informed by dispatch that Flores had two prior convictions for DWI. Deputy Williams then took Flores to the medical center so that a blood sample could be taken from Flores pursuant to *section 724.012(b)(3)(B) of the Texas Transportation Code*. Deputy Williams did not obtain a warrant for the blood draw. It was later determined that Flores did not, in fact, have two prior convictions for DWI.

This is the second time we have heard an appeal from a decision in the underlying cause. In the first appeal, *State v. Flores, 392 S.W.3d 229 (Tex. App.--San Antonio 2012, pet. ref'd)*, the State appealed the trial court's interlocutory order granting Flores's first motion to suppress, which had been based on a statutory violation of *section 724.012(b)(3)(B)*. We reversed the trial court's order, holding that Flores had not met his burden of making a *prima facie* showing of a statutory violation under *section 724.012(b)(3)(B)*. On remand, Flores filed a second motion to suppress based on the Supreme Court's recent decision in *McNeely*, arguing that the mandatory blood draw violated his rights under the *Fourth Amendment*.

On July 17, 2013, at the hearing on Flores's second motion to suppress, the trial court took judicial notice of the testimony that was provided in the first suppression hearing. Deputy Williams then provided additional testimony. Deputy Williams testified **[*3]** that the normal business hours for the Guadalupe County offices were 8:00 a.m. to 5:00 p.m. and that judges are not readily available after hours. According to Deputy Williams, there must be "special circumstances" before

an officer can attempt to locate a judge outside of normal business hours, and "to do that, [the officer] ha[s] to go up [his] chain of command." Deputy Williams testified that at that time, he would need to contact and notify his supervisor, Sergeant Strauss, that he needed a warrant. Deputy Williams testified that he did not attempt to obtain a warrant to authorize the blood draw on Flores. Deputy Williams explained that he did not believe he needed a warrant under *section 724.012(b)(3)(B)*. On cross-examination, Deputy Williams confirmed that his department did, in fact, have procedures for obtaining a warrant after normal business hours. After hearing all the evidence presented, the trial court denied Flores's second motion to suppress. Flores then pled guilty and now appeals the denial of his pre-trial motion to suppress.

## DISCUSSION

Flores argues that the warrantless blood draw performed on him violated his rights under the *Fourth Amendment to the Constitution*. For support, Flores relies on the Supreme Court's **[*4]** decision in *McNeely* and this court's decision in *Weems v. State, 434 S.W.3d 655 (Tex. App.--San Antonio 2014, pet. granted)*.[1] In *Weems, 434 S.W.3d at 665*, we analyzed *McNeely* and concluded that *section 724.012(b)(3)(B)* does not constitute a valid exception to the *Fourth Amendment's* warrant requirement. The State recognizes the applicability of our holding in *Weems*, but argues that we should reconsider our holding in *Weems*. We need not do so, however, as the Texas Court of Criminal Appeals recently held in *State v. Villarreal, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *20 (Tex. Crim. App. Nov. 26, 2014)*, that "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement." The court of criminal appeals explained that "the Supreme Court's holding in *McNeely* makes clear that drawing the blood of an individual suspected of DWI falls under the category of cases holding that 'a warrantless search of a person is reasonable only if it falls within a *recognized* exception' to the warrant requirement." *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *20* (quoting *McNeely, 133 S. Ct. at 1558*) (emphasis added). The court of criminal appeals emphasized that the *McNeely* Court "explained that such an intrusion implicates an individual's 'most personal and deep-rooted expectations of privacy.'" *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *20* (quoting *McNeely, 133 S. Ct. at 1558*). According to the court of criminal appeals, "[t]hese principles from *McNeely*--the recognition of the **[*5]** substantial privacy interests at stake and the applicability of the traditional *Fourth Amendment* framework that requires either a warrant or an applicable exception--apply with equal force to this case." *Villarreal, 2014 Tex. Crim. App. LEXIS 1898,*

*2014 WL 6734178, at *20*. Thus, the court of criminal appeals "reject[ed] the State's assertion that a warrantless, nonconsensual blood draw conducted pursuant to those provisions [of the Transportation Code] can fall under one of the established exceptions to the warrant requirement." *Id*. The court of criminal appeals further "reject[ed] the State's suggestion that such a search may be upheld under a general *Fourth Amendment* balancing test." *Id*.

> 1   When the trial court held its hearing on Flores's second suppression motion, it did not have the benefit of this court's decision in *Weems*.

Alternatively, the State argues that a recognized exception to the *Fourth Amendment's* warrant requirement applies in this case--exigent circumstances. The State points to the testimony of Deputy Williams that the traffic stop occurred after normal business hours and that before requesting a warrant, Deputy Williams would have to go up his chain of command, which began with Sergeant Strauss. We disagree with the State that this record supports exigent circumstances. Exigent circumstances "applies when **[*6]** the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the *Fourth Amendment*." *McNeely, 133 S. Ct. at 1558*. The State had the burden below to prove the warrantless search was reasonable pursuant to the exigent circumstances exception under the totality of the circumstances. *See Amador v. State, 275 S.W.3d 872 (Tex. Crim. App. 2009)*; *Gutierrez v. State, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007)*.

The only evidence presented at the hearing was from Deputy Williams, who confirmed that his department did, in fact, have procedures for obtaining a warrant after normal business hours. His knowledge on these procedures was limited. Deputy Williams knew that he had to contact his supervisor, but did not know what occurred after he did so. Deputy Williams testified he made no attempt to secure such a warrant by following these procedures. Thus, this record is limited in its testimony regarding "procedures in place for obtaining a warrant or the availability of a magistrate judge." *McNeely, 133 S. Ct. at 1568*. It also does not reflect "the practical problems of obtaining a warrant within a timeframe that still preserves the opportunity to obtain reliable evidence." *Id*. We therefore conclude that this record does not show that under the totality of the circumstances, the warrantless blood draw was **[*7]** justified by the exigent circumstances exception to the *Fourth Amendment's* warrant requirement. *See Weems, 434 S.W.3d at 666*.

As the State did not show that the warrantless blood draw was reasonable under the *Fourth Amendment*, Flores's second motion to suppress should have been

granted. After the trial court denied Flores's second motion to suppress, he decided to plead guilty. We cannot determine beyond a reasonable doubt that the trial court's failure to grant his motion to suppress did not contribute in some measure to the State's leverage in obtaining Flores's guilty plea and thus to Flores's conviction. *See TEX. R. APP. P. 44.2(a)*; *Kennedy v. State, 338 S.W.3d 84, 102-03 (Tex. App.--Austin 2011, no pet.)*.

Finally, the State argues that even if we hold that Flores's rights under the *Fourth Amendment* were violated by the warrantless, nonconsensual blood draw, the Texas exclusionary rule as enunciated in *article 38.23(a)* should not apply. According to the State, the blood draw was not taken "in violation" of law. *See TEX. CODE OF CRIM. PROC. ANN. art. 38.23(a)* (West 2005) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."). The State **[*8]** argues that "it is indisputable that the state of the law on November 3, 2009, was that warrantless blood draws made pursuant to *section 724.012(b)(3)(B)* were permissible and was not seized in violation of the law as it was understood on that day." We disagree with the State. *Section 724.012(b)(3)(B)* does not explicitly authorize a warrantless search. *Weems, 434 S.W.3d at 666*; *see also McNeil v. State, 443 S.W.3d 295, 303 (Tex. App.--San Antonio 2014, pet. filed)*. It "does not address or purport to dispense with the *Fourth Amendment's* warrant requirement for blood draws." *Weems, 434 S.W.3d at 666* (citation omitted). In responding "to the contention that the Legislature has clearly indicated its desire to create a new exception to the warrant requirement," the Texas Court of Criminal Appeals observed in *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *19*, that the statutory language contained within the provisions in the Texas Transportation Code "is silent as to whether a law-enforcement officer conducting a mandatory, nonconsensual search of a DWI suspect's blood is required to first seek a warrant." Further, warrantless seizures have always been impermissible under the *Fourth Amendment* unless founded on a recognized exception. *See United States v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)*. In *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *19*, the court of criminal appeals emphasized that the Texas Legislature "may not restrict guaranteed rights set out in constitutional provisions." According to the court of criminal appeals, "[t]o the extent **[*9]** the mandatory-blood-draw statute may be interpreted as authorizing a warrantless search that would violate a defendant's rights under the *Fourth Amendment*, it cannot do so." *Id*.

The State also argues the Texas exclusionary rule and federal exclusionary rule should not apply because the officer relied on *section 724.012(b)(3)(B)* in good faith. We rejected this argument in *Weems* and in subsequent cases. *See Weems, 434 S.W.3d at 666-67*; *see also McNeil, 443 S.W.3d at 303*; *Fitzgerald v. State, No. 04-13-00662-CR, 2014 Tex. App. LEXIS 8208, 2014 WL 3747270, at *2 (Tex. App.--San Antonio July 30, 2014, pet. filed)*.

## CONCLUSION

Because the warrantless blood draw violated Flores's rights under the *Fourth Amendment*, his second motion to suppress should have been granted. We thus reverse the judgment of the trial court and remand for a new trial.

Karen Angelini, Justice

Do not publish