

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00025-CR

JOHN DAVID FRY, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 1
Tarrant County, Texas
Trial Court No. 1423763, Honorable David E. Cook, Presiding

July 26, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant John David Fry, Jr. appeals[1] from his conviction for driving while intoxicated[2] and the resulting sentence. Through one issue, he contends the trial court erred by admitting blood-draw evidence. We will affirm.

---

[1] Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2017).

[2] TEX. PENAL CODE ANN. § 49.04(b) (West 2018).

## Background

An information charged appellant with operating a motor vehicle in a public place while intoxicated and included an enhancement paragraph setting forth his previous conviction for driving while intoxicated.

At his jury trial following his not-guilty plea, the State presented evidence through the testimony of Officer Martinez and a forensic scientist. Martinez testified that he responded to a call regarding a driver asleep at the wheel at a local fast-food restaurant. When Martinez and his training officer arrived, he saw a car in the drive-thru. He told the jury the white car matched the description dispatch provided him. He approached the car and saw "somebody that appeared to be asleep and slumped over." The officers knocked on the window and rocked the car to awaken appellant. He did "eventually" wake up but "appeared confused."

Appellant told Martinez he had been at a nearby bar, had "two shots and a beer," and fell asleep when he reached the restaurant. Martinez conducted standardized field sobriety tests and observed indications of intoxication in each test. He arrested appellant for driving while intoxicated and requested appellant to provide a sample of his blood. Appellant refused so Martinez obtained a search warrant authorizing a blood draw. Martinez testified he took appellant to the Medical Center of Arlington, a hospital where officers normally take suspects for blood draws.

Once at the hospital, Martinez testified, he informed staff members that he had a warrant for appellant's draw. A hospital employee, Zach Cloyd,[3] was assigned to perform the blood draw. Cloyd used a police blood draw kit. Martinez confirmed Cloyd used a swab labeled as a Betadyne swab to disinfect the area of the draw. Martinez described the collection of the blood and its placement in the evidence bag. That kit was admitted into evidence. The blood test indicated appellant's blood alcohol concentration was .10 at the time the sample was taken.

After the jury found him guilty of driving while intoxicated, the court sentenced appellant to 180 days of imprisonment with an $800 fine. The court suspended the sentence and placed appellant on community supervision for a period of twenty months. Appellant subsequently filed this appeal.

Analysis

Appellant focuses his appellate contention on whether the State proved that the person who took his blood at the hospital was a "qualified technician" under Chapter 724 of the Transportation Code. Appellant argues the State failed to meet its burden and the trial court for that reason erred in admitting the results of the draw. The State responds that Chapter 724 is inapplicable here because Martinez obtained a search warrant authorizing the blood draw. We must agree with the State.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Pace v. State*, No. 07-15-00095-CR, 2017 Tex. App. LEXIS 2317,

---

[3] The record indicates Cloyd was ill the day of trial and unable to testify. Trial proceeded after the court denied appellant's motion for a continuance.

at *4 (Tex. App.—Amarillo Mar. 16, 2017, no pet.) (mem. op., not designated for publication) (citing *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007)). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* (citing *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005)). We will uphold the trial court's evidentiary ruling if the ruling is reasonably supported by the record and correct on any applicable theory of law. *Id.* (citing *Carrasco v. State,* 154 S.W.3d 127, 129 (Tex. Crim. App. 2005)).

Chapter 724 of the Texas Transportation Code contains our State's implied consent statutes. TEX. TRANSP. CODE ANN. §§ 724.001-724.064 (West 2017). This chapter governs the State's ability to obtain a breath or blood sample from a person suspected of committing the offense of driving while intoxicated when there is no warrant. *State v. Johnston,* 336 S.W.3d 649, 660-61 (Tex. Crim. App. 2011). Under Section 724.017(a), only a physician, qualified technician, registered professional nurse, licensed vocational nurse or licensed or certified emergency medical technician-intermediate or emergency medical technician-paramedic may take a blood specimen at the request or order of a peace officer under this chapter. TEX. TRANSP. CODE ANN. § 724.017(a) (West 2017). The "blood specimen must be taken in a sanitary place." *Id.*

Chapter 724 "does not provide greater protection than the Fourth Amendment and offers only one method of conducting a blood draw that would be deemed reasonable under the Fourth Amendment." *Johnston,* 336 S.W.3d at 661 (citation omitted). Failure to comply with Chapter 724 "does not dictate what is reasonable under the Fourth Amendment; another method of obtaining a blood specimen may be reasonable." *Id.*

4

Accordingly, Chapter 724 is "not controlling authority when it comes to determining the reasonableness of how a blood draw was performed under the Fourth Amendment." *Id.*

The court in *Johnston* pointed to the opinion in *Beeman v. State,* noting that the Court of Criminal Appeals held Chapter 724 "is inapplicable when there is a warrant to draw blood; therefore, compliance with Chapter 724 is not necessary to satisfy the Fourth Amendment. Whether a blood draw is conducted pursuant to a warrant or not, the assessment of reasonableness is purely a matter of Fourth Amendment law." *Id.* (citing *Beeman v. State,* 86 S.W.3d 613, 616-17 (Tex. Crim. App. 2002)). It is appropriate to invoke traditional Fourth Amendment principles to determine whether a blood draw was performed in a reasonable manner. *Id.* (citation omitted). Therefore, the "reasonableness of the manner in which a DWI suspect's blood is drawn should be assayed on an objective, case-by-case basis in light of the totality of the circumstances surrounding the draw." *Id.* (citation omitted). *See also State v. Gray,* No. 03-17-00174-CR, 2017 Tex. App. LEXIS 5702, at *6 (Tex. App.—Austin June 22, 2017, no pet.) (mem. op., not designated for publication) (citation omitted) (noting same).

The test for reasonableness of a blood draw stems from the United States Supreme Court's opinion in *Schmerber v. California,* 384 U.S. 757, 768 (1966). The inquiries ask: (1) whether police were justified in requiring the suspect to submit to a blood test; and (2) whether police employed reasonable means and procedures in taking the blood. *Id.* The second inquiry contains two parts. *Id.* First, the test itself must be reasonable. *Id.* Second, the police must have performed the test in a reasonable manner. *Id.* Courts must balance the following factors in determining the reasonableness of a bodily intrusion: (1) the extent to which the procedure may threaten the safety or the

5

health of the individual; (2) the extent of the intrusion on the individual's dignitary interests in personal privacy and bodily integrity; and (3) the community's interest in fairly and accurately determining guilt or innocence. *Siddiq v. State,* 502 S.W.3d 387, 398 (Tex. App.—Fort Worth 2016, no pet.) (citations omitted).

Martinez obtained a search warrant for appellant's blood specimen, and appellant does not challenge the warrant's validity. The officer thus was justified in requiring appellant to submit to the blood test. *Johnston,* 336 S.W.3d at 658.

We find also the blood test itself was reasonable because there is a presumption that venipuncture blood draw tests are reasonable under the Fourth Amendment and appellant has shown nothing that would indicate otherwise here. *Id.* at 659-60. The record shows the police employed reasonable means and procedures for taking appellant's blood. Martinez took appellant to a local hospital where an employee of the hospital performed the blood draw following the protocols for such draws. Appellant makes no argument that the employee used improper technique, materials or procedures in which to do so. *Id.* Appellant also makes no argument that the blood draw threatened his safety or health, caused him trauma or pain, endangered his life or health or created a level of intrusiveness greater than a typical blood draw. *Siddiq,* 502 S.W.3d at 403. We note also the observation in *Schmerber* that extraction of blood samples is "commonplace" and is a "highly effective means of determining the degree to which a person is under the influence of alcohol." 384 U.S. at 771.

The trial court reasonably could have determined that appellant's blood draw was justified, and that blood was drawn in accordance with acceptable medical practices.

6

Therefore, the draw was reasonable.  *Johnston,* 336 S.W.3d at 664.  Accordingly, the trial court did not err in admitting into evidence the results of appellant's blood test.

We resolve appellant's issue against him.

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.